**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Lynn Walaszek,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-08222-PCT-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's unopposed application for an award of attorneys' fees and costs. (Doc. 18.)

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to respond, and therefore the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Plaintiff's attorney seeks to recover EAJA fees at the rate of $250 per hour. This is not permissible. Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. The statutory maximum rate for work performed in 2019 is $205.25.

Plaintiff's counsel billed 15.9 hours in 2019. (Doc. 19 at 3-4.) Thus, the maximum fees award permissible is $3,263.48 (the product of 15.9 hours x $205.25 per hour).

Thus, the Court will award $3,263.48 in attorneys' fees and $427.20 in costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's unopposed application for an award of attorneys' fees and costs (Doc. 18) is **granted in part** and Plaintiff is awarded $3,263.48 in attorneys' fees and $427.20 in costs.

**IT IS FURTHER ORDERED** that if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 20th day of February, 2020.

Dominic W. Lanza
United States District Judge